IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POKITDOK, INC., et al.,

    Plaintiffs,

v.

JEREMY MARTIN,

    Defendant.

No. C 12-3947 SI

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING MOTION FOR TRANSFER OF VENUE; AND TRANSFERRING ACTION TO THE DISTRICT OF SOUTH CAROLINA**

Currently before the Court is defendant's motion to dismiss for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer venue to the District of South Carolina. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for November 8, 2012. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES the motion to dismiss, GRANTS the motion to transfer venue, and TRANSFERS this action to the District of South Carolina.

**BACKGROUND**

Plaintiff PokitDok, Inc. is a social networking website and application that focuses on health and wellness. Compl. ¶ 9. PokitDok is incorporated in Delaware and has its principal place of business in Menlo Park, California. Compl. ¶ 1. Defendant Jeremy Martin ("Martin"), a resident of Charleston, South Carolina, is a computer software engineer who performed uncompensated work for Plaintiffs PokitDok, Inc., Lisa Maki, and Theodore Tanner ("Plaintiffs") in 2011. Compl. ¶¶ 4, 12. During this

period, PokitDok's principal place of business was in South Carolina, where Martin performed all of his work for plaintiffs. Mot. at 4.

On June 27, 2012, after Martin's volunteer work for plaintiffs ended, Martin sent a letter to plaintiffs which (1) demanded that plaintiffs cease and desist using his intellectual property, and (2) threatened to file a copyright lawsuit against plaintiffs in federal court if they did not comply. *Id.* at 1. On July 26, 2012, plaintiffs filed this action against Martin; and, on August 1, 2012, Martin filed a copyright infringement action against plaintiffs in the District of South Carolina. Opp'n at 4. In this case Plaintiffs seek declaratory relief on most of the same claims asserted by Martin in the action before the District of South Carolina Court. *See* Compl.; Mot., Ex. I.

Defendant now moves to dismiss this case under Rule 12(b)(2) and 12(b)(3) for lack of personal jurisdiction, or transfer the case to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1406(a), based on improper venue. Alternatively, defendant requests transfer for convenience under 28 U.S.C. § 1404(a). Plaintiffs contend that dismissal and transfer should be denied because this Court has specific personal jurisdiction over defendant.

## LEGAL STANDARD

### 1.   Personal Jurisdiction

Personal jurisdiction over a nonresident defendant may exist if the defendant has either a continuous and systematic presence in the state (general jurisdiction), or minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice" (specific jurisdiction). *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Where there is no federal statute applicable to determine personal jurisdiction, a district court should apply the law of the state where the court sits. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California law requires only that the exercise of personal jurisdiction comply with federal due process requirements. *See id.* at 800-01.

In order for a court to exercise specific jurisdiction in accordance with due process, a nonresident defendant must have "'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach Co. v. Caddy*,

453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Int'l Shoe*, 326 U.S. at 315). The Ninth Circuit employs a three-part test to determine whether the defendant has such minimum contacts with a forum state. First, the "nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum," thereby invoking the benefits and protections of the forum state. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1998)). Second, the claim must "arise out of or result from the defendant's forum-related activities," and third, the exercise of personal jurisdiction over the defendant must be reasonable. *Pebble Beach Co.*, 453 F.3d at 1155. The plaintiff bears the burden of proving the first two conditions. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). If the plaintiff carries this burden, "the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citing *Schwarzenegger*, 374 F.3d at 802).

If a district court acts on the defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Id.* at 1129 (citation omitted). Unless directly contravened, the plaintiff's version of the facts is taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Id.* (citation omitted).

**2.    Transfer of Venue**

Civil actions arising under federal copyright laws may be brought in the district in which the defendant or his agent resides or may be found. 28 U.S.C. § 1400(a). The 9th Circuit "interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010).

If the court determines that venue is improper, the court may either dismiss or, if it is in the interests of justice, transfer an action to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). Courts should consider the basic equities of the case in deciding whether to transfer

or dismiss, including any statute of limitations bar and the harshness of dismissal in light of such a bar, and the relative injustice imposed on the parties. *King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992).

**DISCUSSION**

**1. Specific Personal Jurisdiction**

Plaintiffs concede that there is no general jurisdiction over defendant Martin. They contend, instead, that this Court has specific jurisdiction over him. Opp'n at 6, 9. Plaintiffs assert that Martin subjected himself to personal jurisdiction in this Court by sending the cease and desist letter to Northern California residents PokitDok, Inc. and Lisa Maki. *Id.* at 9. Martin argues that this Court lacks personal jurisdiction over him because sending a cease and desist letter, without more, is insufficient to subject an individual to personal jurisdiction. Mot. at 12.

Under the first prong of the three-part specific jurisdiction test, plaintiff must establish that the defendant either purposefully availed himself of the privilege of conducting activities in California, or purposefully directed his activities toward California. *Schwarzenegger*, 374 F.3d at 802. A purposeful availment analysis is most often used in suits sounding contract; a purposeful direction analysis is used in suits sounding in tort. *Id.* Here, the declaratory claims for copyright infringement sound in tort, and therefore, the Court will apply a purposeful direction analysis. *Id.*; *see also Lang v. Morris*, 823 F. Supp. 2d 966, 969 (N.D. Cal. 2011) (applying purposeful direction analysis to copyright claim).

Purposeful direction analyses are guided by the Supreme Court's "effects" test set forth in *Calder v. Jones*, 465 U.S. 783 (1984). Under the *Calder* effects test, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm which is suffered and which the defendant knows is likely to be suffered in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (holding modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006)). "Each of the three tests must be satisfied to permit a district court to exercise limited personal jurisdiction over a non-resident defendant." *See Peterson v. Kennedy*, 771 F.2d 1244, 1261 (9th Cir. 1985).

4

Plaintiffs rely on *Yahoo!*, 433 F.3d 1199 to argue that Martin's cease and desist letter is a proper basis for personal jurisdiction. Opp'n at 7. In *Yahoo!*, the Ninth Circuit held that the district court had personal jurisdiction over defendants who sent a cease and desist letter to a California plaintiff, when coupled with French court orders directing Yahoo! to take action in California. *Yahoo!*, 433 F.3d at 1210-11. The court reasoned that the first two requirements of purposeful direction – an intentional act expressly aimed at the forum state – were satisfied because the foreign defendants filed suit in France (an intentional act), which was "expressly aimed at California" as it sought "orders directing Yahoo! to perform significant acts in California." *Id.* at 1209. The third requirement – that the foreign defendants' acts caused harm they knew would likely be suffered in the forum state – was also satisfied because of the possibility of a substantial penalty arising out of one of the French orders and the "shadow on the legality of Yahoo!'s current policy." *Id.* at 1209-11. *See also Bancroft*, 223 F.3d at 1087 (upholding personal jurisdiction over the defendant because, in addition to sending plaintiff a cease and desist letter, the defendant triggered a third-party dispute resolution process which would have aimed to prevent plaintiff from using defendant's website).

Here, unlike in *Yahoo!*, the cease and desist letter sent to plaintiffs by Martin was not sent in conjunction with any enforcement action that would cause plaintiffs to take action in California. The letter merely alerted plaintiffs that defendant might file a legal action against them for copyright infringement. *See* Reply, Ex. A. Therefore, none of the purposeful direction requirements have been satisfied, and sending a cease and desist letter, without more, does not establish personal jurisdiction over defendant. *Yahoo!*, 433 F.3d at 1208 (9th Cir. 2006) (citing *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed.Cir.1998) ("A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement.")).

## 2. Transfer Preferred Over Dismissal

Defendant argues that this case should be transferred, pursuant to 28 U.S.C. § 1406(a), because venue is improper under 28 U.S.C. § 1400(a). This Court agrees that venue is improper because this Court lacks personal jurisdiction over defendant. To avoid the necessity of plaintiff having to file and

5

serve a new action, this Court hereby DENIES defendant's motion to dismiss and GRANTS defendant's motion to transfer under 28 U.S.C. § 1406(a).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss, GRANTS defendant's motion to transfer venue, and TRANSFERS this action to the District of South Carolina.

**IT IS SO ORDERED.**

Dated: November 6, 2012

_____
SUSAN ILLSTON
United States District Judge